**Luther C. SIBLEY, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 90–553.

United States Court of Veterans Appeals.

Jan. 11, 1993.

**38**

Before STEINBERG, Associate Judge.*

MEMORANDUM DECISION

STEINBERG, Associate Judge:

Pursuant to a September 25, 1992, motion of the Secretary of Veterans Affairs (Secretary), joined in by the appellant on November 9, 1992, the Court's memorandum decision dated September 11, 1992, in this case (then captioned *Sibley v. Derwinski*) is hereby withdrawn, and this memorandum decision is substituted therefor.

The appellant, veteran Luther C. Sibley, appeals a March 1, 1990, Board of Veterans' Appeals (BVA or Board) decision denying him entitlement to service-connected disability compensation for a right ear disorder, bilateral defective hearing, and right-hip and -knee disorders. *Luther C. Sibley*, BVA 90–06454 (Mar. 1, 1990). Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the Board's decision will be affirmed in part and vacated in part, and the record remanded for readjudication.

* Editor's Note: This single-judge summary disposition is of no precedential value. *See Bethea v.*

I.

The veteran served on active wartime duty in two branches of the U.S. Armed Forces for a total of five years, from 1942 through 1947. When the veteran entered service, his entrance examination report noted that his right leg was approximately one-and-one-half inches shorter than his left, and that his pelvis tilted slightly. R. 17–18; *Sibley*, BVA 90–06454, at 2. During service, he was diagnosed with "aero-otitis" media ("traumatic inflammation of the middle ear caused by a difference in pressure between the surrounding atmosphere and air in the middle ear space, marked by otalgia, tinnitus, hearing loss, and, occasionally, vertigo", DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 34, 191 (27th ed. 1991)) in his right ear one day after participating in an altitude chamber exercise. R. at 20.

■ Under 38 U.S.C. § 1110 (formerly § 310), a veteran who is discharged from military, naval, or air service under conditions other than dishonorable is entitled to service-connected disability compensation for injuries and diseases incurred during such service. *See* 38 C.F.R. § 3.303 (1991). The Court reviews BVA factfinding under a "clearly erroneous" standard. Under 38 U.S.C. § 7261(a)(4) (formerly § 4061) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990), the Court must set aside a finding of material fact as clearly erroneous when the Court is left with a definite and firm conviction, after reviewing the entire evidence, that a mistake has been committed by the Board to the extent that " 'no plausible basis' in the record" exists for the BVA findings at issue. *Gilbert*, 1 Vet.App. at 52–53.

Here, as to the veteran's entitlement for service connection for ear and hearing disorders, the Court cannot proceed to the merits of the Board's decision because the inadequacy of the Board's decision on those issues precludes effective judicial review. Hence, those aspects of the Board's decision dealing with the veteran's ear disorder

*Derwinski*, 2 Vet.App. 252, 254 (1992).

and hearing loss will be remanded. The Court notes that the "de novo" review the Board gave to the veteran's claim for ear disorders was appropriate; since the veteran had not made a prior claim seeking service connection for his ear problems and, therefore, had never before received a decision from the Veterans' Administration (now Department of Veterans Affairs) (VA) concerning that issue, *see* 38 U.S.C. § 7104(b) (formerly § 4004), the claim was not a reopened one subject to the requirement under 38 U.S.C. § 5108 (formerly § 3008) that there be new and material evidence in order to reopen a claim.

██ Under 38 U.S.C. § 7104(d)(1), the Board is required to provide a written statement of the "reasons or bases" for its findings of fact and conclusions of law with respect to all material issues presented in the record. "[E]ffective judicial review" is precluded when, as occurred in this case, the Board fails to fulfill this obligation. *Gilbert*, 1 Vet.App. at 56–57. The reasons-or-bases obligation requires the BVA to analyze " 'the credibility or probative value of the evidence submitted by or on behalf the veteran in support of his claim' " and the veteran's contentions. *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169 (1991) (quoting *Gilbert*, 1 Vet.App. at 59). Here, the veteran's contention is that his right-ear disorder is service connected. In that connection, the Board failed to address a 1972 letter submitted to the VA in which "chronic mastoiditis" was found by the veteran's private treating physician, Dr. Cox, who first saw the veteran in 1969 when he complained that he had had diminished hearing in his right ear since World War II and had suffered from soreness and discharge for several days before the examination. R. at 62. Dr. Cox made the same diagnosis in 1971, as well as "deafness, right ear, mixed type due to [chronic mastoiditis]." *Ibid.* The Board failed also to address both a 1972 VA medical examination, in which chronic, suppurative, otitis media of the right ear was diagnosed (R. at 64), and the veteran's sworn hearing testimony that his ear trouble began in service and continued once he was discharged (R. at 96–97, 99). Since evidence of record,

including an outpatient record and the veteran's hearing testimony, tends to show that during service the veteran was diagnosed with aero-otitis media, and later, although much later, was diagnosed with "chronic" ear infections, diagnosed as "chronic mastoiditis" and "chronic otitis media", the Board ought to have addressed with specificity its implicit rejection of the above evidence. R. at 62, 66. *See Wilson (Lawrence) v. Derwinski*, 2 Vet.App. 16, 19–20 (1991) (remanding record to BVA for determination of credibility of veteran's sworn testimony); *Douglas v. Derwinski*, 2 Vet.App. 103, 108 (1992) (remanding record, in part, due to BVA's failure to address arguments advanced by appellant, including sworn testimony).

██ In addition, the Board did not substantiate with independent medical evidence, as required by *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991), its conclusion that "we are unable to reasonably associate the veteran's current hearing loss or right ear disorder with any incident of his period of active service". *Sibley*, BVA 90–06454, at 9.

██ Further precluding the Court from effectively reviewing the BVA decision as to the ear and hearing disorders is the Board's apparent failure to comply with its statutory duty, under 38 U.S.C. § 5107(a) (formerly § 3007), to assist a VA claimant who has presented a well-grounded claim. The veteran's medical evidence and sworn testimony amount to a well-grounded claim, that is, one that is "plausible" or "capable of substantiation", since the evidence established a potential, although not definitive, link between his then current ear condition, deemed "chronic", and military service, in which aero-otitis media was diagnosed. *Murphy v. Derwinski*, 1 Vet. App. 78, 81 (1990). The Board appears to have found significant to its decision the absence of continuity of symptomatology; the record contains no medical records between the date of discharge and 1972. Under 38 C.F.R. § 3.303(b), a claimant whose allegedly service-connected disease was not shown to be chronic during service must

generally demonstrate continuity of symptomatology after discharge to support his or her claim.

With respect to the continuity-of-symptomatology issue, the veteran stated, under oath, the names of three different physicians, in addition to Dr. Cox, who had treated him periodically for his ear condition since his separation from service. R. at 98–101. Although he stated his belief that two of them are deceased, the BVA was statutorily obligated to seek to obtain the records of all three doctors to assist the veteran in the development of the facts pertinent to the claim. 38 U.S.C. § 5107(a). Furthermore, since the veteran had not received a VA medical examination since 1972, the Board ought to have ordered a thorough medical examination to assist in the development of the pertinent facts. Doing so likely would also have better enabled the Board to provide adequate reasons or bases for its findings and conclusions. "If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination[,] or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin,* 1 Vet.App. at 175; *Hatlestad v. Derwinski,* 3 Vet.App. 213, 217 (1992); 38 U.S.C. § 7109 (formerly § 4009).

■ With respect to the veteran's claim for service connection for his right-knee and -hip injuries, the Court concludes from the record before it that there existed a plausible basis for the Board's denial of the claim. Therefore, the Board's decision with regard to that claim will be affirmed. Although the veteran had complained of stiffness and soreness in his right knee on several occasions during 1943, the record on appeal reflects no complaints thereafter during service, with the exception of one complaint in 1946. R. at 19, 20, 25. In 1946 physicians found multiple benign growths in the veteran's right femur which were removed in 1947. R. at 24, 41. No physician ever attributed them to service. An examination conducted in January 1947 showed that the veteran then had a "good range of movement in all joints" and that he had suffered no injuries during service. R. at 33, 35, 38. The veteran's separation examination noted, with regard to the right leg, that the veteran had had an operation to remove the growths and that he had a sore right thigh. R. at 38.

## II.

In view of the foregoing and upon consideration of the record, the appellant's brief, and the Secretary's brief, the Court holds that, as to the claim for service connection for the right-leg conditions, the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, articulation of reasons or bases, or consideration of the benefit-of-the-doubt rule, that would warrant a remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert,* 1 Vet.App. 49. The Court affirms the March 1, 1990, BVA decision with respect to that issue.

As to the remaining issues, the Court vacates the decision and remands the record for proceedings consistent with this decision. Upon remand, the Board shall promptly readjudicate the veteran's claim with respect to his ear disorder and hearing loss and, in the process, critically reexamine the evidence of record, seek to obtain the medical records to which the veteran alluded during his hearing, allow the veteran to submit additional evidence and argument on the subject, seek any other evidence it considers appropriate, and issue a well-reasoned decision. *See Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). The Court retains jurisdiction. The Secretary shall file with the Clerk and serve upon the appellant a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART.